IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREW DARVIN HERSH, | Civil No. 3:16-cv-1994 |
| Petitioner | (Judge Mariani) |
| v. | |
| MARK GARMAN, SUPERINTENDENT STATE CORRECTIONAL INSTITUTION AT ROCKVIEW, | |
| Respondent | |

**MEMORANDUM**

Presently before the Court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Petitioner, Andrew Darvin Hersh ("Hersh"), an inmate confined at the State Correctional Institution, Rockview, in Bellefonte, Pennsylvania. (Doc. 1). Hersh challenges his conviction and sentence imposed by the Court of Common Pleas of Adams County. (*Id.*). For the following reasons, the petition will be dismissed for lack of jurisdiction.

I. **Background**

On August 17, 2009, a criminal information was filed in the Court of Common Pleas of Adams County charging Hersh with several sexual offenses for alleged inappropriate contact with a minor child. See *Commonwealth v. Hersh*, CP-01-CR-0000720-2009 (Adams County Ct. Com. Pl. filed July 22, 2009). On August 10, 2010, following a jury trial, Hersh was found guilty of rape of a child, indecent assault of a person less than thirteen years of

age, and corruption of minors. *Id.* On November 12, 2010, Hersh was sentenced to a thirteen to thirty year term of imprisonment. *Id.*

Hersh filed a direct appeal. On April 11, 2011, the Pennsylvania Superior Court dismissed the direct appeal for failure to file a brief. *Commonwealth v. Hersh*, 1872 MDA 2010 (Pa. Super.). On June 17, 2011, Hersh sought PCRA[1] relief in the nature of reinstatement of his direct appeal rights. *Commonwealth v. Hersh*, CP-01-CR-0000720-2009 (Adams County Ct. Com. Pl. filed July 22, 2009). The PCRA court reinstated Hersh's direct appeal rights. *Id.* He subsequently filed a direct appeal. *Commonwealth v. A.D.H.*, 1639 MDA 2011 (Pa. Super.). On June 20, 2012, the Pennsylvania Superior Court affirmed the conviction. *Id.* Hersh did not file a petition for allowance of appeal to the Pennsylvania Supreme Court. (Doc. 2, p. 11).

On August 22, 2012, Hersh filed a petition for post-conviction collateral relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 PA. CONS. STAT. §§ 9541-46. *Commonwealth v. Hersh*, CP-01-CR-0000720-2009 (Adams County Ct. Com. Pl. filed July 22, 2009). Following an evidentiary hearing, the Court of Common Pleas dismissed the PCRA petition. *Id.* Hersh filed an appeal to the Pennsylvania Superior Court, and the Superior Court affirmed the dismissal of the PCRA petition. *Id.* Hersh filed an application for leave to amend with Pennsylvania Supreme Court. *Id.* The Pennsylvania Supreme

---

[1] Post Conviction Relief Act ("PCRA"), 42 PA. CONS. STAT. §§ 9541-46.

Court granted application for leave to amend, but denied the petition for allowance of appeal. *Id.*

On or about August 27, 2014, Hersh filed a second PCRA petition. *Commonwealth v. Hersh*, CP-01-CR-0000720-2009 (Adams County Ct. Com. Pl. filed July 22, 2009). On January 15, 2015, Hersh filed an amended PCRA petition. *Id.* On February 5, 2015, the PCRA court denied the petition without a hearing. *Id.* On appeal, the Pennsylvania Superior Court affirmed the denial of the PCRA petition. *Id.* Hersh filed a petition for allowance of appeal with the Pennsylvania Supreme Court. *Id.* The Pennsylvania Supreme Court denied the petition for allowance of appeal. *Id.* Hersh then filed a writ of certiorari with the United States Supreme Court. (Doc. 2, p. 14). The United States Supreme Court denied the petition for writ of certiorari. (*Id.*).

Hersh also filed an unsuccessful petition for writ of habeas corpus with the Pennsylvania Supreme Court. *Commonwealth ex rel. Hersh v. Garman*, 87 MM 2016 (Pa. Aug. 22, 2016).

On September 30, 2016, Hersh filed the instant federal petition attacking the validity of his state court conviction and sentence. (Doc. 1). He requests that the Court vacate his sentence and order his immediate release from confinement. (*Id.* at p. 8).

II. **Standard of Review - Screening**

Habeas corpus petitions filed pursuant to 28 U.S.C. § 2241 must be promptly

screened and are subject to summary dismissal "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts; *Patton v. Fenton*, 491 F. Supp. 156, 158 (M.D. Pa. 1979) (Nealon, J.). "A petition may be dismissed without review of an answer 'when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself . . . .'" *Belt v. Scism*, 2010 U.S. Dist. LEXIS 97052, *2-3 (M.D. Pa. 2010) (Muir, J.) (quoting *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir.), *cert. denied*, 400 U.S. 906 (1970)).

## III. Discussion

Section 2241 authorizes district courts to issue a writ of habeas corpus to a state or federal prisoner who "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Section 2254 is more specific and confers jurisdiction on district courts to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "[A] state prisoner challenging the validity or execution of his state court sentence must rely on the more specific provisions of § 2254 rather than § 2241." *Washington v. Sobina*, 509 F.3d 613, 619 n.5 (3d Cir. 3007) (citing *Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001)).

In the instant petition, Hersh seeks relief *via* section 2241. Hersh argues that he was illegally sentenced under the provisions of 42 PA.C.S.A. § 9718. Hersh's reliance on section 2241 is misplaced and he must proceed under section 2254 because he is challenging the validity of his state sentence. *See Felker v. Turpin*, 518 U.S. 651, 662, 116 S.Ct. 2333, 135 L.Ed.2d 827 ("authority to grant habeas corpus relief to state prisoners is limited by 28 U.S.C. § 2254, which specifies the conditions under which such relief may be granted to a person in custody pursuant to the judgment of a state court"); *DeVaughn v. Dodrill*, 145 F. App'x 392, 394 (3d Cir. 2005) (per curiam) ("A prisoner challenging either the validity or execution of his state court sentence must rely on the more specific provisions of § 2254 and may not proceed under § 2241."); *Coady*, 251 F.3d at 485 ("[W]e hold that Coady must rely on Section 2254 in challenging the execution of his sentence."). Moreover, section 2241 is not an alternative to section 2254. Section 2254 contains a one-year statute of limitation regarding the timely filing of a petition, and "Congress has restricted the availability of second and successive petitions through Section 2244(b)." *Coady*, 251 F.3d at 484. Allowing a petitioner to proceed under section 2241 would circumvent these restrictions and thwart Congressional intent. *Id.* at 484-85. Accordingly, this Court lacks jurisdiction to consider the petition pursuant to section 2241.

**IV. Conclusion**

Based on the foregoing, the Court lacks jurisdiction to consider Hersh's petition.

5

Therefore, the petition will be dismissed. Notably, dismissal will be without prejudice to Hersh's ability to take any action he deems appropriate under 28 U.S.C. § 2254.

An appropriate Order follows.

Date: October 17, 2016

Robert D. Mariani
United States District Judge